IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC.,** as Broadcast Licensee of the June 2, 2013 Honduras v. Israel Soccer Game, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:16-CV-1474-L |
| **MARTIN E. SOLIS-MARTINEZ** individually and d/b/a Mi Cocina Hondurena a/k/a Mi Cocina Hondurena Restaurant a/k/a Mi Comida Hondurena Restaurant a/k/a Mi Comida Hundureno Restaurant, | § § § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed August 9, 2017 (Doc. 9). After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

**I.     Factual Background**

On June 1, 2016, Innovative Sports Management, Inc. ("Innovative Sports" or "Plaintiff") filed Plaintiff's Original Complaint against Martin E. Solis-Martinez, individually, and d/b/a Mi Cocina Hondurena ("Solis-Martinez" or "Defendant") (Doc. 1). Innovative Sports sues Solis-Martinez in this action for violation of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 (the "Act"). Innovative Sports is the license company exclusively authorized to sublicense the closed-circuit telecast of the June 2, 2013 Honduras v. Israel soccer game ("Event") at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout

**Memorandum Opinion and Order – Page 1**

Texas. Pl.'s Orig. Compl. 1. Innovative Sports contends that on June 2, 2013, Solis-Martinez illegally intercepted the closed-circuit telecast of the Event without its permission at Mi Cocina Hondurena Restaurant and did not pay the required licensing fee. *Id.* at 2.

Solis-Martinez was properly served on September 21, 2016 (Doc. 6), and to date has not filed an answer to the complaint or otherwise defended this lawsuit. Innovative Sports requested the clerk to issue entry of default on August 9, 2017, and default was entered by the clerk on August 10, 2017 (Doc. 10). Innovative Sports now requests entry of default judgment against Solis-Martinez for statutory and additional damages and a permanent injunction. Plaintiff further requests reasonable attorney's fees and costs.

Innovative Sports was the exclusive licensee through a licensing agreement, and Solis-Martinez did not have authorization from Innovative Sports to show the Event at his establishment. Innovative Sports possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, Innovative Sports was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with Innovative Sports. No agreement between Innovative Sports and Solis-Martinez existed that would have allowed Solis-Martinez to broadcast the Event to patrons at Solis-Martinez's establishment. On June 2, 2013, Defendant intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Solis-Martinez's establishment. Innovative Sports' auditor observed the Event being telecast on two televisions to approximately 40 patrons at Solis-Martinez's establishment.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Solis-Martinez.

Solis-Martinez, by failing to answer or otherwise respond to Innovative Sports' Original Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Innovative Sports' Original Complaint, which the court accepts as true, and the record in this action, the court determines that Solis-Martinez is in default.

Further, based upon the record, evidence, and applicable law, the court concludes that Solis-Martinez violated 17 U.S.C. § 605,[*] that Innovative Sports is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Solis-Martinez statutory violation. Accordingly, the court determines that Solis-Martinez is liable to Innovative Sports in the amount of $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, because the record reflects that Solis-Martinez's actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain, the court determines that Solis-

---

[*] Solis-Martinez's transmission of the event occurred via satellite radio; therefore, the court determines that his conduct is in violation of § 605. *See J&J Sports Productions, Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 352-354 (5th Cir. 2014) (holding that § 605(a) governs the interception of radio transmissions but not cable, and § 553(a) governs the interception of cable transmissions but not radio).

**Memorandum Opinion and Order – Page 3**

Martinez is liable to Innovative Sports in the amount of $50,000 in damages for willful acts under 47 U.S.C. § 605(e)(3)(C)(ii). Moreover, the court determines that such damages are necessary to deter Solis-Martinez and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that Innovative Sports is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court has awarded this hourly rate in prior cases handled by Mr. Diaz. Accordingly, the court awards Innovative Sports $1,000 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Innovative Sports will have an opportunity to seek such fees.

### III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Solis-Martinez and in favor of Innovative Sports in the total amount of $61,000, which consists of

$10,000 as statutory damages; $50,000 additional statutory damages; and $1,000 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **1.97%** from the date of its entry until it is paid in full.

**It is so ordered** this 21st day of February, 2018.

Sam A. Lindsay
United States District Judge